## HARRIS v. CHICKASAW COUNTY.

Counties: LIABILITY FOR SALARY OF DEPUTY TREASURER. Section 771 of the Code, and section 5, chapter 184, Laws of 1880, are not in conflict. The former relates to the employment by a county officer of temporary assistance when the exigency of his duties requires it, without the authority of the supervisors; the latter to the employment of a regular deputy with such authority. In the former case, where the necessity for the temporary assistance is shown, and the board of supervisors refuses, on application, to furnish it, and the officer himself employs an assistant and pays him a reasonable compensation, he may recover the same from the county. (See cases cited in opinion.)

*Appeal from Chickasaw District Court.* — HON. CHARLES T. GRANGER, Judge.

FILED, MAY 13, 1889.

ACTION by a county treasurer to recover an amount paid by him as compensation to a clerk for labor and services rendered in assisting him in the discharge of his duties. Trial without a jury, and judgment for plaintiff. Defendant appeals.

*George E. Stowe* and *H. Shaver*, for appellant.

*Springer & Clary*, for appellee.

BECK, J.—I. The facts of the case are these: The plaintiff, being unable to perform alone all the duties of his office, employed a clerk to assist him, paying him

a reasonable salary for his services. He made application to the supervisors, requesting them to provide for him a clerk or deputy, which was refused. Prior to the commencement of this action, plaintiff presented his claim for payments to his clerk to the board of supervisors for allowance, which was refused. The necessity for the employment of the clerk is rightly found by the court below.

II.   Counsel for defendant insist that under chapter 184, Acts, of Eighteenth General Assembly, section 5, the employment of a deputy or clerk for the county treasurer is to be exclusively determined by the board of supervisors, in the exercise of their judgment as to the necessity of such employment for the proper discharge of the duties of the office. It will be observed that the clerk or deputy provided by this section may properly be said to be a permanent officer, at least employed by the year at an annual salary. Doubtless the legislature intended that the supervisors should determine whether such an officer, to be employed permanently, should be appointed.

III.   Code, section 771, is in this language: "When a county officer receiving a salary is compelled by the pressure of the business of his office to employ a deputy, the board of supervisors may make a reasonable allowance to such deputy." This section provides that when the exigencies of the business of the office require the employment of a deputy, the supervisors are required to make a reasonable allowance for the services of such deputy. It has been held that payment for services of a deputy so employed is not discretionary with the supervisors, but upon their refusal to allow a claim therefor it may be recovered in an action against the county. *Washington County v. Jones*, 45 Iowa, 260; *Bradley v. Jefferson County*, 4 G. Greene, 300. It is shown that Code, section 771, and section 5, chapter 184, Acts, of Eighteenth General Assembly, are not in conflict, and may be so construed that both will stand. The first relates to employment of special or temporary

assistance in the office without authority of the supervisors, and the second only upon such authority.

Questions raised by plaintiff as to the effect of a ruling upon a demurrer need not be considered, in view of our conclusions on the point of the case just announced. The judgment of the district court is

AFFIRMED.