E. H. GAMBLE, Appellee, v. MARION COUNTY,
Appellant.

85   675
98   682

**County Officers:** ASSISTANTS: COMPENSATION: LIABILITY OF COUNTY.
Prior to the enactment of chapter 36 of Laws of the Twenty-second
General Assembly, a county having less than thirty thousand popula-
tion was liable for the compensation paid by the clerk of the district
court to persons employed by him, without the consent of the board
of supervisors, for necessary assistance in his office.

*Appeal from Warren District Court.*—HON. A. W.
WILKINSON, Judge.

FRIDAY, MAY 27, 1892.

ACTION to recover for money paid out by the plain-
tiff while clerk of the courts of the defendant county
during the years 1885, 1886 and 1887, to clerks for
labor and services rendered, in assisting in the dis-

charge of the business of the clerk's office. The case was tried to the court and judgment entered for plaintiff. The defendant appeals.—*Affirmed.*

*G. W. Crozier,* for appellant.

*Jas. D. Gamble,* for appellee.

GIVEN, J.—The facts as found by the court, and fully sustained by the evidence, are these: During the years named, Marion county had less than thirty thousand population. The plaintiff was the duly elected and qualified clerk of the courts of that county. That during said years he was allowed and received a salary of one thousand, five hundred dollars per year; was allowed a permanent deputy at a salary of forty dollars per month; and for the year 1887 he was allowed one hundred and fifty dollars out of probate fees. That, by reason of work being left undone by the former clerk, and the current business of the office, the plaintiff and his deputy were unable to perform all the labors and duties of the office. That the plaintiff, without applying to the board of supervisors for further assistance, employed persons from time to time to assist in such work of the office as they might lawfully do, paying them therefor the several amounts claimed, and taking assignments of the claims. In this way he paid for necessary assistance in 1885, one hundred and fifty dollars; in 1886, seventy-five dollars; and in 1887, one hundred and fourteen dollars and seventy-five cents. The district court found for the defendant on the claim for 1887, holding that the allowance from probate fees for that year was sufficient to compensate for the extra services paid for, and entered judgment for the plaintiff for the amounts paid out in 1885 and 1886. The defendant alone having appealed, our inquiry is with respect to the payments made in 1885 and 1886.

The sole contention is, whether, under the laws then in force, and the facts proven, the county is liable. The laws then in force, and upon which this question must be determined, are section 771 of the Code, and chapter 184 of Laws of the Eighteenth General Assembly. It will be observed that the amendments made in chapter 36 of Laws of the Twenty-second General Assembly, had not then been enacted. *Harris v. Chickasaw Co.*, 77 Iowa, 345, was an action by a county treasurer to recover money paid by him to a clerk for services rendered in assisting in the discharge of the duties of that office. The only distinction in the facts of that case and this, |is that, in that the treasurer had requested the supervisors to provide for him a clerk or deputy, which was refused; while in this no request for further assistance had been made. It will be noticed that the claim in that case, as in this, was to recover for compensation necessarily paid to a clerk, not to a deputy. It is there held that said section 771 and chapter 184 "are not in conflict, and may be so construed that both will stand." It is said with respect to section 771: "This section provides that, when the exigencies of the business of the office require the employment of a deputy, the supervisors are required to make a reasonable allowance for the services of such deputy." "It has been held that payment for services of a deputy so employed is not discretionary with the supervisors, but upon their refusal to allow a claim therefor it may be recovered in an action against the county." The judgment in favor of the plaintiff in that case was affirmed, and, following the views therein expressed, we conclude that under the facts and the law the appellant is liable, as found by the district court, and its judgment is, therefore, AFFIRMED.